UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMR T. BREAKAA;<br>    823 Avenue C, Apt 3F<br>    Brooklyn, NY 11218<br><br>            Plaintiff(s)<br><br>        v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>TRACY RENAUD, in his official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>            Defendant(s). | Civil Action No **1:21-cv-2211** |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

Hashim G. Jeelani, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

**INTRODUCTION**

1

COMES NOW AMR T. BREAKAA, (hereinafter "BREAKAA" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff BREAKAA is an Egyptian citizen, currently residing in the U.S., who applied for Special Immigrant Juvenile Status (SIJS), a form of immigration relief that provides vulnerable children with a path to legal permanent residency in the United States. SIJS is available to noncitizens under the age of 21 who obtain specific factual determinations by a state court with jurisdiction over their custody. Specifically, the state court must find that (1) reunification with one or both of the noncitizen's parents is not viable due to abuse, neglect, abandonment, or similar basis under state law, and (2) it is not in the noncitizen's best interest to be returned to their country of origin. See 8 U.S.C. §1101(a)(27)(J)(i)-(ii). In Plaintiff's case, a state court has made the requisite findings.

2. Plaintiff applied for SIJS by submitting his Form I-360 petition ("SIJS Petition") on December 22, 2016 with United States Citizenship and Immigration Service (USCIS). Concurrently with the Form I-360, Plaintiff filed a Form I-485, Application for Adjustment of Status. Both the Form I-360 and Form I-485 (hereafter collectively referred to as "Applications") remain unadjudicated.

3. Although 8 U.S.C. §1232(d)(2) mandates that USCIS "**shall** . . . adjudicate[]" a SIJS petition "not later than 180 days after the date on which the application is filed," USCIS has failed to comply with this statutory requirement. To date, USCIS has not adjudicated Plaintiff's SIJS petition, as statutorily required, although it has been more than four years and seven months (1,701 days) since Plaintiff applied for SIJS.

4. Plaintiff's Form I-485 has also been in pending status since December 22, 2016, for a period of four years and seven months, which is over seven times the historical average processing time for similar filings made in 2017[1].

5. The Plaintiff has a clear right to adjudication of his Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

7. Plaintiff AMR T. BREAKAA is a citizen of Egypt and a resident of Brooklyn County, New York. He is the beneficiary of a properly filed SIJ Petition. The SIJ Petition allows beneficiary qualification for him to adjust his status to a permanent resident of the United States. Plaintiff BREAKAA is also the applicant of a Form I-485, Application for Adjustment of Status.

8. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant TRACY RENAUD is the Acting Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

10. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13. The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application. Further, Plaintiff has initiated numerous inquiries with USCIS. After such requests and inquiries failed, Plaintiff notified the Defendants of his intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

14. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for approval of his Applications.

15. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16.     On December 22, 2016, Plaintiff BREAKAA filed Form I-360 naming himself as a beneficiary (Receipt# MSC-1790-49-8509) with USCIS.  **[EXHIBIT A].**

17.     On December 22, 2016, Plaintiff BREAKAA also properly filed, Form I-485, Application for Adjustment of Status with USCIS (Receipt# MSC-1790-49-8508).  **[EXHIBIT B].**

18.     On June 27, 2017, Plaintiff received a Request for Evidence on his Form I-360 from USCIS.  Plaintiff filed a complete response within days of receiving this Request for Evidence.

19.     Since filing his response in July of 2017, USCIS has made no further requests for information or evidence of the Plaintiff, nor have they scheduled Plaintiff for an interview.

20.     Plaintiff has made numerous inquiries over the past four years and seven months with USCIS and has requested an adjudication of his Applications.

21.     Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Applications are still pending.

22.     Although 8 U.S.C. §1232(d)(2) mandates that United States Citizenship and Immigration Services (USCIS) "**shall** . . . adjudicate[]" a SIJS petition "not later than 180 days after the date on which the application is filed," Plaintiff's Form I-360 remains pending now for 1,701 days.

23.     Plaintiff's Applications now continue to be pending with USCIS for over four years and seven months.

24.     USCIS has published a historical average processing time in 2017 of 7.4 months for the adjudication of Form I-485.  Plaintiff's Application has been pending for over 55 months, which is over seven times the historical average processing time as reported by USCIS.

25.     Defendants have refused to provide further explanation which would merit the need for nearly five years of processing time on the Applications.

26. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his case has been in administrative processing.

27. Plaintiff BREAKAA has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

28. Moreover, Plaintiff has incurred significant attorney's fees and has lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA - FORM I-360

29. All prior paragraphs are re-alleged as if fully stated herein.

30. Plaintiff BREAKAA has a statutory right to apply for Special Immigrant Juvenile Status by filing Form I-360 pursuant to 8 U.S.C. §1232(d)(2).

31. Defendants have a statutory duty to adjudicate Plaintiff's Form I-360 with a period of 180 days under 8 U.S.C. §1232(d)(2).

32. Defendants have a duty to adjudicate BREAKAA's SIJS Petition within a reasonable period of time under 5 U.S.C. §555(b).

33. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedy is available to Plaintiff.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the SIJS Petition.

36. Plaintiff's petition has been pending for an unreasonable period of time as Defendants have failed in their statutory duty to adjudicate the SIJS Petition within 180 days as required by 8 U.S.C. §1232(d)(2).

37. Further, given the Defendants' lack of a reason for not making a decision on Plaintiff BREAKAA's SIJS Petition for nearly 5 years, Plaintiff's petition has been pending for an unreasonably long period of time.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on BREAKAA's SIJS Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to BREAKAA's case.

39. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff BREAKAA's SIJS Petition, thereby depriving Plaintiff of the rights to which he is entitled.

40. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff BREAKAA has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiff's life is on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA - FORM I-485

41. All prior paragraphs are re-alleged as if fully stated herein.

42. Plaintiff BREAKAA has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

43. Defendants have a duty to adjudicate BREAKAA's Application within a reasonable period of time under 5 U.S.C. §555(b).

44. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

45. No other adequate remedy is available to Plaintiff.

46. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

47. Given the Defendants' lack of a reason for not making a decision on Plaintiff BREAKAA's Application for nearly five years, Plaintiff's Application has been pending for an unreasonably long period of time.

48. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

49. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on BREAKAA's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to BREAKAA's case.

50. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff BREAKAA's Application, thereby depriving Plaintiff of the rights to which he is entitled.

51. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff BREAKAA has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 19, 2021                              Respectfully submitted,

                                                  /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*